MATIENZO ET AL. *v.* FALKNER, COMMISSIONER OF EDUCATION.

APPLICATION for a Writ of *Mandamus.*

No. 7.—Decided October 22, 1906.

MANDAMUS—MECHANICAL SCHOOLS.—The writ of *mandamus* applied for in this case will not issue to compel the Commissioner of Education to proceed to open mechanical schools, because it does not appear from the evidence that the commission appointed for the purpose in accordance with the Appropriation Act for the fiscal year 1906-7 has failed to fix the salaries of the personnel and provide for other expenses of such schools, it not having adopted, therefore, as was its duty to do, a complete plan under which the Commissioner could open such schools.

The facts are stated in the opinion.
*Mr. Benítez Castaño* for petitioners.
*Mr. Rossy, fiscal,* for respondent.
Mr. JUSTICE FIGUERAS delivered the opinion of the court.

Attorney Eugenio Benítez, on behalf of the persons above named, presented the following petition to Mr. Justice José María Figueras, of this Supreme Court, under date of September 2 last:

"The petitioners, represented by their attorney, Eugenio Benítez Castaño, make application to your honor for a writ of *mandamus* to be directed to the Commisisoner of Education of Porto Rico to the effect which will be indicated below; and to this end they allege the following facts:

"(*a*) The Legislative Assembly of Porto Rico enacted and ap-

proved on the 8th of March of the current year an act entitled 'An Act making appropriations for the necessary expenses of carrying on the Government of Porto Rico for the fiscal year ending June 30, 1907, and for other purposes,' providing, among other things, the following:

" '*Expenses of mechanical schools.*—Immediately upon the passage of this act there shall be created a commission for the purpose of preparing a general plan for the establishment of mechanical schools in the Island of Porto Rico. Said commission shall consist of three members, who shall be the Commissioner of Education, a person appointed by the Speaker of the House of Delegates, and a third person to be chosen by the aforesaid two commissioners. In the event that the aforesaid two commissioners cannot agree upon the said third commissioner within thirty days after the passage of this act, then the Governor of Porto Rico shall appoint the third commissioner. The plan agreed upon by the aforesaid three commissioners for the establishment of said mechanical schools shall be put in force on the first school day of the fiscal year 1906-7. The sum of $40,000, or as much thereof as may be necessary, is hereby appropriated to carry out the purposes of this item.'

"(*b*) In compliance with the provisions of said act, Rosendo Matienzo Cintrón, Speaker of the House of Delegates, appointed Vicente Balbás Capó, one of the petitioners herein, a member of the commission referred to.

"And as Mr. Balbás could not agree with the Commissioner of Education upon the appointment of the third member of said commission, the Governor of Porto Rico appointed Ermelindo Salazar, in accordance with the provisions of said act.

"(*c*) Upon the meeting of the commission, which was to prepare the general plan for the establishment of mechanical schools or schools of arts and trades, it passed a number of resolutions, including the following:

" '9. The principal teachers, teachers and other employees shall be appointed by the Commissioner of Education, on the recommendation of a commission consisting of the President of the Executive Council, the Speaker of the House, and the chairman of the Committee on Education of the House of Delegates. Upon the approval of these resolutions, the Commissioner of Education shall submit to public competition, announcing it for a period of fifteen days, the positions created by these resolutions, and all persons desiring to make application for such positions shall present their applications to such commission,

which, within ten days after the conclusion of the competition, shall make its recommendations to the Commissioner of Education, it being agreed that the Commissioner of Education is empowered to present applications for the appointment of any persons who may have been employed in the industrial schools of Porto Rico during the past year,' and

"'11. The Commissioner of Education shall provide the schools of arts and trades with the books, supplies, furniture, tools, machinery, etc., heretofore used in the industrial schools, or the former schools of arts and trades, which can be used. The books and supplies required for the use of the schools of arts and trades, shall be provided by the Commissioner of Education in the same manner as are those used by the public schools of the Island, and the cost thereof shall be defrayed from the general appropriations made for this purpose. But all special supplies, apparatus and equipment necessary for said schools of arts and trades, shall be paid for from the funds for special expenses of said schools.'

"The resolutions transcribed were duly and legally approved.

"(d) The school year of 1906-7 begins on the 24th instant. Notwithstanding this fact, and although Messrs. Balbás and Salazar, members of the commission to prepare the plan of mechanical schools or schools of arts and trades, together with the Commissioner of Education of Porto Rico, the other member concluded the preparatory work for the establishment of such schools; Mr. Falkner, Commissioner of Education of Porto Rico, under flimsy pretexts, has not published the announcements of the competition referred to in the first of the above resolutions, inserted in the foregoing statement of facts, nor has he taken the necessary steps to provide the schools referred to with books, supplies, furniture, etc., etc.; and on the contrary, he is apparently and deliberately placing obstacles in the way of the installation and inauguration of said centers of instruction, which are to be so useful and beneficial to The People of Porto Rico.

"(e) Only four days remain before the beginning of the school term; Messrs. Balbás and Salazar have complied with the duties which they assumed when they accepted the office to which they were appointed, as members of the aforementioned commission, and as citizens interested in the progress of the Island; their labor may be said to be almost terminated; and the only obstacle in the way of the execution of the act passed by the Legislative Assembly, above referred to, is raised by Mr. Falkner, Commissioner of Education, an official paid by the Insular Government, who, through the Assistant Commissioner, Mr. Lord, in a letter, dated the 14th of September, to Miss Petra

Mirabel, stated categorically that 'the mechanical schools will not be inaugurated during the coming year.'

''The petitioners allege that they lack a speedy, adequate and efficient remedy in the ordinary course of the law. And they also allege that all three make this application on behalf of The People of Porto Rico, and Messrs. Salazar and Balbás further as members of the commision created by the Legislative Assembly for the establishment of the schools of arts and trades.

''Therefore they pray the court to issue a peremptory or conditional writ of *mandamus* to the Commissioner of Education of Porto Rico, ordering him:

''I. To open the public competition referred to in the resolution inserted in statement of fact (*c*) of this complaint.

''II. To provide the schools of arts and trades with the books, supplies, furniture, tools, machinery and other material required by said educational institutions.

''III. That upon the expiration of the term mentioned in the resolution of the commission with respect to the competition, and after the appointment of the proper personnel, that he proceed to open said schools without delay; all in compliance with the duties which the law imposes on him.''

The Commissioner of Education acknowledges and admits the facts stated under letters (*a*) and (*b*); he adds that resolutions, numbers 9 and 11, described under letter (*c*), have never been legally approved and were passed by a majority of the commission, as the commissioner voted against them; that resolution No. 9 is contrary to the school law; that the commission did not terminate its preparatory work, because neither Balbás nor Salazar has as yet approved the schedule of salaries and other expenses of the schools of arts and trades; he denies that he deliberately placed obstacles in the way of the establishment and inauguration of said schools, and to prove his good will he alleges in his favor the letters he wrote on August 18 and 20 last to Mr. Balbás, not having received as yet an answer to the first letter relating to the expenses of such schools, contained in a statement he included therein; the commissioner affirmed that he is and always has been ready to inaugurate such schools as soon as

the commission appointed for the purpose shall have agreed upon a full plan, within the powers which the law vested in it; and said Commissioner of Education closed with the prayer that the application for a writ of *mandamus* be denied.

A hearing of this case was had in this Supreme Court, and after the evidence presented and the oral arguments had been heard, and the briefs presented by the parties had been considered, both parties submitted the following points to the consideration of this court:

First. Whether or not the commission appointed by the appropriation act approved March 8, 1906, concluded its work by preparing a complete plan enabling the Commissioner of Education to inaugurate the schools of arts and trades in due time.

Second. Whether or not resolution No. 9, inserted in the original petition, is in conflict with section 55 of the Compiled School Law of 1903, and whether or not the Commissioner of Education could, under such circumstances, be compelled to carry out said resolution.

Third. Whether or not, according to the aforementioned law, the resolutions of the commission should be passed by the unanimous vote of the three members composing it in order to be duly effective.

It must be acknowledged that the first point entails a question of fact of the utmost importance in the final decision of this case, and for this reason it is worthy of our consideration in the first place.

The principal fact is the following:

The Commisioner of Education affirmed that the commission of which he is a member with Messrs. Balbás and Salazar did not conclude its work or the plan entrusted to it because the assignment or statement of the salaries and other expenses of the schools of arts and trades entrusted to it had not as yet been concluded, which statement he had sent to Mr. Balbás, in a letter dated August 18 last, for such purpose.

Vicente Balbás alleges that he received said letter with the

statement mentioned; that he does not know where he left the statement sent him; and adds that if he did not approve this assignment of salaries and expenses of the schools it was because they had delegated or authorized the Commissioner of Education beforehand to fix said salaries and the other details necessary for the inauguration of the said schools.

Mr. Salazar, the other member of the commission, did not appear and testify, notwithstanding the fact that he had been summoned and in spite of the opportunities which had been offered him by this court to give his testimony.

It is true that at one of the sessions counsel for the petitioners sought to introduce as evidence a letter relating to these facts addressed by Salazar to Balbás, but such evidence could not be admitted because the introduction thereof did not conform to the provisions of the law relating to the introduction of evidence approved March 9, 1905, for which reason counsel noted an exception.

It is natural to assume that if Salazar had testified before this court he would have certified to the fact that both he and Mr. Balbás had authorized the Commissioner of Education to fix the salaries and other expenses of the schools of arts and trades.

We do not deny that this did take place.

But we must also agree that the Commissioner of Education either did not consider himself authorized to fix the salaries and other expenditures of the schools, or did not believe that such authority had been conferred upon him, because had this been so he would not have written or addressed to Balbás the letter of August 18 last, of a date much earlier than that of the application for a writ of *mandamus* dated September 20 of the current year.

Said letter reads as follows:

"Mr. Vicente Balbás, San Juan, Porto Rico.—My dear sir: In accordance with the indications of the commission in charge of the plans for the establishment of mechanical schools, I am taking the liberty of submitting herewith recommendations in regard to the

salaries and other expenses of said schools. In making these recommendations, I have used the form customary in legislative assignments by which the officers of schools are designated as principals and teachers, without specifying the class of teachers, whether academic or of industrial branches; also without specifying the subjects to be taught by the latter. It is evident that on this point the administrative authorities ought to be permitted to proceed according to their own judgment. The salaries assigned, within the limits prescribed by the appropriation law, depend principally on the capacity and the ability of the applicants. On the other hand, it is not altogether impossible to learn the kind of materials that will be necessary for teaching purposes or to decide on the different subjects and salaries to be assigned to each branch. Combinations are often possible; a person capable of teaching carpentry and wood turning ought necessarily to receive a larger salary than one who, not knowing wood turning, would have to confine himself to the teaching of carpentry. I request that you give this matter your immediate attention because nothing can be decided in regard to the establishment of these schools until, among other matters, salaries are fixed. Very respectfully—(Signed) Roland P. Falkner, commissioner of education.''

The perusal of this letter should have aroused the idea in Mr. Balbás that the Commissioner of Education did not consider himself authorized, or did not accept the authority, or did not wish to assume alone the responsibility, in a question of such importance included in a plan which should be prepared with the concurrence of the three members composing the commission appointed for the purpose.

The end of this letter embodies a real demand:

''I request,'' it says, ''that you give your *immediate* attention to this matter, because nothing can be done in the matter of the establishment of these schools until, among other matters, the salaries are fixed.''

The good will of Messrs. Balbás and Salazar in favor of the creation of these schools must be recognized, and for this reason it must appear especially strange that after the receipt of this letter they did not hasten to express their agreement to the proposition of the Commissioner of Education, or at least

ratify in a formal and categorical manner the authority which they allege they had previously given him to this end.

There is a class of evidence which the law considers satisfactory and which is sufficient to justify a verdict or a judgment. (Sec. 13 of the Law of Evidence.)

That evidence which ordinarily produces the moral certainty or conviction in an unprejudiced mind is deemed satisfactory.

And we have the moral certainty or conviction that this letter reveals the state of mind of the Commissioner of Education when he wrote it—that is to say, that he did not believe himself authorized to fix the salaries and other expenses which the schools of arts and trades were to entail; and under the circumstances there was time sufficient between August 20 and September 24, when the school term began, to reach an agreement upon the questions referred to in the demand of the Commissioner of Education.

The salaries and other expenses of the schools of arts and trades have not yet been fixed, and this is a material matter to be decided prior to their inauguration, and for this reason we have reached the conclusion that the writ of *mandamus* sought should not be issued.

A letter, dated September 14 last, signed by the Assistant Commissioner of Education, has been submitted, addressed to Miss Petra Mirabal, who applied for one of the positions which were to be created in said schools, and it is to be deduced from certain phrases which said letter contains that the department had already decided that such schools would not be inaugurated during the present school year.

But there is, furthermore, a copy of a letter of a prior date (September 12) addressed by the said Assistant Commissioner to Miss Mirabal in which he gives the reason why such schools will not be inaugurated, namely, because the commission appointed by the Legislature had not been able to come to an agreement with regard thereto.

The assistant commissioner affirms that he addressed said

letter by mail, as all others of the department, and Miss Mirabal denies having received it.

At any rate, these two letters in relation with each other reveal that they were inspired by the same thought which prompted the other letter of August 18 last, referred to and inserted above, addressed by the Commissioner of Education to Vicente Balbás..

But whatever may be the scope sought to be given to the letter of September 14 last, signed by the Assistant Commissioner of Education, the result will always be that the commission has not as yet reached a decision with respect to the salaries and other expenses which the schools of arts and trades are to entail, and until this preliminary requisite is complied with there is no means by which said schools can begin to operate. Considering this point as a capital and deciding one, it is not necessary for us to consider the other two which were raised in the discussion, because they have no actual and effective purpose at the present time.

In view of the reasons stated above we believe that the application for a writ of *mandamus* should be denied, with the costs against the petitioners.

*Denied.*

Chief Justice Quiñones, and Justices Hernández and Wolf concurred.